IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MEDICUS INSURANCE CO., <br> A TEXAS CORPORATION <br>     *Plaintiff* <br> v. <br> THE ERx GROUP, LLC, <br> A TENNESSEE COMPANY <br>     *Defendant* | CIVIL ACTION NO: 3:15-CV-00205 |

## FIRST AMENDED COMPLAINT

And now comes the Plaintiff, MEDICUS INSURANCE COMPANY, a Texas corporation, by and through its undersigned counsel, and files this Complaint for Declaratory Judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201 et seq., seeking a determination of its rights and responsibilities under three Physicians and Surgeons Liability insurance policies issued to Defendant The ERx GROUP, LLC. Plaintiff respectfully shows the following:

## NATURE OF THE CASE

1. This is an action for declaratory judgment, brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201 et seq., to determine and resolve questions of actual controversy involving three consecutive Physicians and Surgeons Liability policies issued to The ERx Group ("ERx"). ERx is a medical placement organization that places doctors in emergency rooms of hospitals and other medical facilities. The three Policies, in effect between April 1, 2012 and April 15,

2015, provide coverage for medical incidents arising from defined professional services. Copies of the Policies are attached hereto as Exhibit A.

2.      ERx seeks defense and indemnity under the Policies for twenty seven lawsuits filed in Kanawha County, West Virginia ("Underlying Lawsuits").[1] The Underlying Lawsuits allege liability on the part of ERx, among other defendants, for injuries resulting from conduct by Dr. John Pellegrini at the Hope Clinic, a pain management facility in Beckley, West Virginia.[2]

3.      Dr. Pellegrini, according to the Underlying Lawsuits, sexually assaulted and harassed patients of the Hope Clinic ("Underlying Claimants") who were seeking therapeutic pain treatment. The Underling Lawsuits claim, *inter alia*, that ERx is liable for negligently hiring, supervising, and placing Dr. Pellegrini at the Hope Clinic, and for various intentional state law torts. The Underlying Claimants seek to recover damages for emotional distress, mental anguish, and embarrassment.

4.      Medicus seeks a declaration from this Court that it has no duty to defend or indemnify ERx against any of the Underlying Lawsuits because the Policies only provide coverage to ERx for liability arising from conduct of John Pellegrini between June 14, 2010 and April 1, 2011 in the designated specialty of "Emergency Medical" services. The Underlying Lawsuits allege that

---

[1] The lawsuits pending against ERx are captioned: Bailey v. Hope Clinic, PLLC, et al., No. 14-C-1347; In re: J.B. v. Pellegrini, et al., No. 14-C-1384; Bailey v. Hope Clinic, PLLC et al., No. 14-C-1346; Bragg v. Pellegrini, et al., No. 14-C-340; In re: S.B. v. Pellegrini, et al., No. 14-C-1452; B.B. v. Pellegrini, et al., No. 13-C-2187; In re: M.C. v. Pellegrini, et al., No. 14-C-1453; Click v. Pellegrini, et al., No. 14-C-365; Dalton v. Hope Clinic, PLLC, et al., No. 14-C-378; Dillard v. Hope Clinic, PLLC, et al., No. 14-C-655; Dillon v. Hope Clinic, PLLC, et al., No. 14-C-636; In re: A.F. v. Pellegrini, et al., No. 14-C-1385; Gilkerson v. Hope Clinic, PLLC, et al., No. 14-C-1076; Keen v. Pellegrini, et al., No. 14-C-376; Kennedy v. Hope Clinic, PLLC, No. 14-C-1281; Lester v. Hope Clinic, PLLC, et al., No. 14-C-1361; Ramsey v. Hope Clinic, PLLC, No. 14-C-595; Riffe v. Pellegrini, et al., No. 14-C-355; Shuff v. Pellegrini, et al., No. 14-C-1319; In re: A.S. v. Pellegrini, et al., No. 14-C-1450; In re: M.S. v. Pellegrini, et al., No. 14-C-1451; Skinner v. Pellegrini, et al., No. 14-C-999; Smith v. Pellegrini, et al., No. 13-C-1586; Sturgill v. Hope Clinic, PLLC, et al., No. 14-C-1492; Ward v. Hope Clinic, PLLC, et al., No. 14-C-1212; Wills v. Hope Clinic, PLLC, et al., No. 14-C-1280; and York v. Hope Clinic, PLLC, et al., No. 14-C-752.

[2] The Underlying Claimants also named Dr. Pellegrini, Hope Clinic, PLLC, PmP Services, Inc., and PPPFD, Inc. as defendants.

Dr. Pellegrini's sexual misconduct occurred in the context of pain management therapy at the Hope Clinic. Separately, the Policies only provide coverage for damages because of "bodily injury," defined as "physical injury." The Underlying Lawsuits allege only that the Underlying Claimants suffered mental harm damages. In addition, the Policies expressly exclude coverage for ERx's own negligence, and for claims resulting from sexual misconduct of the type alleged in the Underlying Lawsuits. The Policies also exclude coverage for damages arising from intentional or criminal conduct.

## THE PARTIES

5. Plaintiff Medicus Insurance Company is a company organized and existing under the laws of Texas, with its principal place of business located at 6034 West Courtyard Drive, Suite 301, Austin, Texas 79730.

6. Defendant ERx is a limited liability company organized and existing under the laws of Tennessee, with a principal place of business located at 9724 Kingston Pike, Suite 1300, Knoxville, Tennessee 37922.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter based on diversity of citizenship, pursuant to 28 U.S.C. §1332, because Medicus is a Texas citizen and ERx is a Tennessee citizen. The amount in controversy exceeds the jurisdictional threshold of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

8. Venue is proper in this District pursuant to 28 U.S.C. §1391 (b)(1) because ERx resides in Knoxville, Tennessee.

9. This Declaratory Judgment Complaint is filed pursuant to the federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq. An actual, justiciable controversy exists between

Medicus and ERx that involves the rights and liabilities under contracts of insurance, and this controversy may be resolved by a judgment in this action without regard to other suits.

## THE UNDERLYING EVENTS AND CLAIMS

10. At all times material hereto, ERx was involved in the business of placing emergency room doctors and associated medical personnel in hospitals and other medical facilities.

11. The Underlying Lawsuits allege that ERx, and/or the other defendants, placed Dr. Pellegrini at the Hope Clinic.

11. The Hope Clinic is a pain management facility located in Beckley, West Virginia. The Hope Clinic did not provide any medical emergency services to patients at any time relevant to the Underlying Lawsuits.

12. Each of the Underlying Claimants was a patient at the Hope Clinic when the incidents giving rise to the Underlying Lawsuits occurred.

13. All of the Underlying Claimants allege that Dr. Pellegrini engaged in sexual misconduct while a physician at the Hope Clinic in one form or another including, but not limited to, unwanted sexual harassment, groping, touching, rubbing, and/or molesting of patients.

14. All of the Underlying Lawsuits raise the following allegations against ERx arising from Dr. Pellegrini's sexual misconduct at the Hope Clinic:

    a. ERx knew or should have known that numerous other patients had complained and/or filed lawsuits against Dr. Pellegrini for sexual misconduct in Ohio and West Virginia.

    b ERx knew or should have known that Dr. Pellegrini's medical license had been suspended in Ohio for sexual misconduct.

c. ERx negligently, maliciously, wrongfully, and/or and willfully hired, retained, and/or supervised Dr. Pellegrini by placing him with the Hope Clinic despite his past sexual misconduct.

d. ERx breached its duty of care to the Underlying Claimants by failing to properly screen or monitor Dr. Pellegrini, by failing to investigate Dr. Pellegrini's past, and by allowing Dr. Pellegrini to continue to work alone with female patients.

e. ERx's conduct constituted a violation of the Underlying Claimants' right to privacy.

f. ERx is liable for state and common law torts, including civil battery; civil assault; sexual abuse; intentional infliction of emotional distress; negligence; invasion of privacy, negligent infliction of emotional distress; and abandonment.

15. In addition to the direct allegations against ERx, a few Underlying Lawsuits allege that ERx is vicariously liable to the Underlying Claimants for damages arising from Dr. Pellegrini's sexual misconduct under Respondeat Superior.

16. Some of the Underlying Lawsuits also allege that Dr. Pellegrini intentionally provided the Underlying Claimants with drugs for the purposes of making the Underlying Claimants susceptible to his sexual advances.

17. All of the Underlying Claimants allege that ERx's conduct has caused mental and emotional distress.

18. All of the Underlying Lawsuits seek to recover punitive and compensatory damages from ERx and the other defendants.

## RELEVANT MEDICUS POLICY LANGUAGE

19. Medicus issued Physicians and Surgeons Liability coverage to named insured The ERx Group, LLC under policy NC-12060629 for the April 1, 2012 to April 1, 2013 policy period ("2012-13 Policy"). The 2012-13 policy was renewed under the same policy number for the subsequent periods of April 1, 2013 to April 1, 2014 ("2013-14 Policy") and April 1, 2014 to April 1, 2015 ("2014-15 Policy")(collectively "The Policies").

20. The Policies provide claims-made coverage subject to a $1,000,000 per claim limit of liability and a $3,000,000 aggregate limit. For the 2013-14 Policy, these limits are shared between all insureds.

21. The controlling terms of each year's Policy are the same. The Insuring Agreement for Coverage Part B sets the platform for Medical Corporation, Partnership, Association, Limited Liability Partnership or Entity coverage:

> The Company will pay all sums for **claims** for which the **insured** as an Entity, Professional Corporation, Association, Partnership or Limited Liability Partnership becomes legally obligated to pay as **damages** because of **medical incidents** arising from **professional services** rendered or which should have been rendered by its employees or **additional insureds**. These **medical incidents** must have occurred subsequent to the **retroactive date** and be reported in writing to the Company during the **policy period**. The Company will not provide **coverage** for **claims** of professional negligence of the individual physician shareholders, associates or partners unless named on the **Declarations Page** of the policy or by **endorsement**. . . . In no event will any healthcare provider be covered unless scheduled by **endorsement** on the **policy**.

22. The Policies' Definitions includes the following definitions relevant to Coverage B:

> **Bodily Injury:** Means physical injury, sickness, disease, disability, of death to an individual, other than the **insured**, the employees of the **insured**, or any other persons covered by this **policy**.
>
> \*   \*   \*
>
> **Damages:** Means only those actual of compensatory **damages** resulting from **bodily injury**, sickness, disability or death. **Damages** do not include punitive, exemplary, statutory, **damages** or other fines.

* * *

**Medical Incident**: Means an event due to **professional services**, acts or omissions arising out of treatment to a patient which could or did result in **bodily injury** . . . to any person for which damages may reasonably be expected or should have known to be sought against the **insured**.

* * *

**Professional Services:** Means the 1) the rendering of or failure to render diagnosis, medical or surgical treatment or opinion necessary to the practice of the insured's specialty as stated on the Declarations Page or by endorsement . . .

23. Endorsement 6 to the 2012-13 Policy identifies the specialty for ERx as "Emergency Medicine-No Major Surgery." Endorsements 10, 11, and 13 to the 2012-13 Policy identify John Pellegrini as an insured contracted physician at Wetzel Hospital, in the specialty of Emergency Medicine, between June 14, 2010 and April 1, 2011.

24. Endorsements 13 and 15 to the 2013-14 Policy identify the specialty for ERx as "Emergency Medicine." Endorsements 16, 20, 21, 25, 29, and 31 to the 2013-14 Policy identify John Pellegrini as an insured contracted physician at Wetzel Hospital, in the specialty of Emergency Medicine, between June 14, 2010 and April 1, 2011.

25. Endorsements 7, 10, 11, and 13 to the 2014-15 Policy similarly identify John Pellegrini as an insured contracted physician at Wetzel Hospital, in the specialty of Emergency Medicine, between June 14, 2010 and April 1, 2011.

26. The Policies are subject to exclusions which limit or preclude coverage for the Underlying Lawsuits, including:

**EXCLUSIONS – NO DEFENSE OR INDEMNIFICATION**

Unless otherwise indicated on the Declarations Page or by any endorsements to the policy, the Company will not provide coverage for liability, defend or indemnify any Insured or any employee acting within the course and scope of employment for the following:

   * * *

2.  Liability of any Insured related to conduct as an owner, administrator, officer, director, medical director, attending physician, stockholder, board member, member, superintendent or trustee of any health maintenance organization, ambulatory surgical center, free standing clinic, hospital, sanitarium, clinic with bed and board facilities, nursing home, laboratory or any other business enterprise, or committees thereof.

* * *

4.  Liability for any claim if an Insured has participated in any conspiracies, unlawful, fraudulent, intentional, or criminal acts.

* * *

17.  Liability for any claim for any action, conduct or omission which violates state or federal laws or regulations.

   * * *

27.  The Policies expressly exclude coverage for punitive damages and damages arising from a claim involving sexual misconduct, allowing a defense only if a defense is otherwise due:

### **EXCLUSIONS – DEFENSE ONLY NO INDEMNIFICATION**

Unless otherwise indicated on the **Declarations Page** or on any **endorsements** to the **Insured's policy**, the Company will defend <u>but not **indemnify**</u> you against any **claim** or **suit** that includes 1 or 2 below but only if that **claim** or **suit** includes allegations of professional liability otherwise covered under this **policy**:

1.  Any **claim** for punitive or exemplary **damages**, statutory fines or any other fines.

2.  Any **claim** resulting from sexual intimacy, sexual molestation, sexual harassment, sexual exploitation or sexual assault.

We will investigate and defend on behalf of the **Insured** any civil **suit** brought against an **Insured** seeking amounts that would be covered if this exclusion did not apply. In such case we will pay only the fees, costs and expenses of such defense until such time as no other covered causes of action exist or the allegations have been proven true.

## COUNT I: DECLARATION

**MEDICUS DOES NOT HAVE A DUTY TO DEFEND OR INDEMNIFY ERx BECAUSE THE UNDERLYING LAWSUITS DO NOT SEEK DAMAGES ARISING FROM THE PRACTICE OF EMERGENCY MEDICINE**

28. Medicus incorporates by reference the allegations set forth in Paragraphs 1 through 27 as through set forth fully herein.

29. An insurer's obligations are determined by comparing the policy language against the claims asserted.

30. The Policies limit coverage for ERx to damages arising from conduct by insured physicians in the designated specialty of "Emergency Medicine-No Major Surgery" or "Emergency Medicine," depending on the policy year and applicable endorsement.

31. None of the Underlying Lawsuits naming ERx allege misconduct on the part of Dr. Pellegrini while practicing "Emergency Medicine." On the contrary, all of the Underlying Lawsuits allege that Dr. Pellegrini sexually harassed and/or sexually assaulted patients while he worked at the Hope Clinic, a pain management facility.

32. At all times relevant to the Underlying Lawsuits, the Hope Clinic did not provide any emergency medical services to patients.

**WHEREFORE**, Medicus prays for judgment under Count I against ERx that Medicus does not have a duty to defend or indemnify ERx against the Underlying Lawsuits under the Policies.

## COUNT II: DECLARATION

**MEDICUS DOES NOT HAVE A DUTY TO DEFEND OR INDEMNIFY ERx BECAUSE THE UNDERLYING LAWSUITS DO NOT SEEK DAMAGES BECAUSE OF "BODILY INJURY"**

33. Medicus incorporates by reference the allegations set forth in Paragraphs 1 through 32 as through set forth fully herein.

34. Coverage available under Part B is limited to damages the insured because legally obligated to pay because of a medical incident arising from professional services.

35. "Damages" is limited to only those actual of compensatory damages resulting from bodily injury, sickness, disability or death. "Bodily injury" is defined, in relevant part, as "physical injury. . ."

36. "Bodily injury" or "physical injury" unambiguously excludes damages for emotional or mental harm under controlling case law.

37. All of the Underlying Plaintiffs seek to recover for types of emotional harm including, but not limited to, embarrassment, mental anguish, anxiety, emotional distress, and loss of the enjoyment of life.

38. Several of the Underlying Lawsuits expressly state that the Underlying Claimants do not "claim nor allege any bodily injury nor does [Underlying Claimant] claim or allege any permanent physical manifestations of her severe emotional and related injuries from the conduct of [the defendants]. Rather, the acts, or failure to act, and omission of all of the Defendants, jointly and severally, proximately caused Plaintiff to suffer severe emotional and mental injuries." See *S.B. v. Pellegrini et al.,* attached as Exhibit B, at ¶ 21.

**WHEREFORE**, Medicus prays for judgment under Count II against ERx that Medicus does not have a duty to defend or indemnify ERx against any of the Underlying Lawsuits under the Policies.

### COUNT III: DECLARATION

**MEDICUS DOES NOT HAVE A DUTY TO DEFEND OR INDEMNIFY ERx BECAUSE THE UNDERLYING LAWSUITS SEEK DAMAGES ARISING FROM SEXUAL MISCONDUCT**

39. Medicus incorporates by reference the allegations set forth in Paragraphs 1 through 38 as through set forth fully herein.

40. The Policies' "Defense Only No Indemnification" exclusion negates Medicus's obligation to indemnify ERx for any claim resulting from allegations of "sexual intimacy, sexual molestation, sexual harassment, sexual exploitation or sexual assault" even if another claim against the insured implicates a defense. If no other claim against the insured obligates Medicus to defend, Medicus is not obligated to defend or indemnify against any claim resulting from allegations of "sexual intimacy, sexual molestation, sexual harassment, sexual exploitation or sexual assault."

41. The Underlying Lawsuits allege that ERx is liable to the Underlying Claimants because of Dr. Pellegrini's sexual misconduct while at the Hope Clinic including, but not limited to, groping, touching, rubbing, and/or molesting of patients, and sexual harassment. No other allegation in the Underlying Lawsuits implicate a defense obligation.

42. The Policies' plain language excludes coverage for each of the Underlying Lawsuits based in sexual misconduct.

**WHEREFORE**, Medicus prays for judgment under Count III against ERx that Medicus does not have a duty to defend or indemnify ERx against the Underlying Lawsuits under the Policies.

## COUNT IV: DECLARATION

**MEDICUS DOES NOT HAVE A DUTY TO DEFEND OR INDEMNIFY ERx BECAUSE THE POLICIES EXCLUDE COVERAGE FOR LIABILITY ARISING FROM ERx's CONDUCT AS THE OWNER OF A BUSINESS ENTERPRISE**

43. Medicus incorporates by reference the allegations set forth in Paragraphs 1 through 42 as through set forth fully herein.

44. Exclusion 2 to the Policies excludes coverage for liability of any insured related to the insured's conduct as an owner or administrator of, *inter alia*, a hospital, clinic, or business entity.

45. The Underlying Lawsuits allege liability on the part of ERx for its own negligent conduct, asserting that ERx negligently hired, placed, and supervised Dr. Pellegrini at the Hope Clinic given his history of sexual misconduct.

46. These allegations against ERx arise from ERx's own conduct in operating the placement agency, a business entity, and are expressly excluded.

**WHEREFORE**, Medicus prays for judgment under Count IV against ERx that Medicus does not have a duty to defend or indemnify ERx against the Underlying Lawsuits under the Policies.

## COUNT V: DECLARATION

**MEDICUS DOES NOT HAVE A DUTY TO DEFEND OR INDEMNIFY ERx BECAUSE THE POLICIES EXPRESSLY EXCLUDE COVERAGE FOR INTENTIONAL AND CRIMINAL MISCONDUCT**

47. Medicus incorporates by reference the allegations set forth in Paragraphs 1 through 46 as through set forth fully herein.

48. The Policies exclude coverage for any claim if an insured has participated in unlawful, intentional, or criminal acts.

49. The Underlying Lawsuits allege that Dr. Pellegrini engaged in the intentional misconduct of sexual touching and harassment of his patients at the Hope Clinic.[3]

50. Dr. Pellegrini's conduct violated W. Va. Code §30-1-14(c)(8), pursuant to which The West Virginia Board of Medicine may discipline a physician who uses the patient-physician relationship to engage the patient in sexual activity.

---

[3] Dr. Pellegrini has not tendered under the ERx policies.

WHEREFORE, Medicus prays for judgment under Count V against ERx that Medicus does not have a duty to defend or indemnify ERx against the Underlying Lawsuits under the Policies.

## COUNT VII: DECLARATION

### MEDICUS HAS NO DUTY TO DEFEND OR INDEMNIFY ERx FOR PUNITIVE DAMAGES

55. Medicus incorporates by reference the allegations set forth in Paragraphs 1 through 54 as through set forth fully herein.

56. The Underlying Lawsuits seek to recover punitive damages from ERx.

57. The Policies' "Defense Only No Indemnification" exclusion expressly exclude coverage for punitive or exemplary damages.

WHEREFORE, Medicus prays for judgment under Count VII against ERx that Medicus does not have a duty to defend or indemnify ERx for punitive damages.

## COUNT IX: ATTORNEY'S FEES

58. Medicus incorporates by reference the allegations set forth in Paragraphs 1 through 57 as through set forth fully herein.

59. The United States Code permits a discretionary award of "[f]urther necessary or proper relief" following a favorable decision in a declaratory judgment action. 28 U.S.C. § 2202.

60. Medicus submits that a discretionary award of attorney fees and costs in prosecuting this declaratory judgment action is appropriate.

Respectfully submitted this 11th day of June, 2015.

By: *s/ Joshua J. Bond*
Edward G. White, II (BPR # 010673)
Joshua J. Bond (BPR # 020636)
Attorneys for Plaintiff
HODGES, DOUGHTY & CARSON
P. O. Box 869
Knoxville, TN 37901
(865) 292-2307

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing has been served upon all parties by placing a copy in the United States mail, addressed as follows, with sufficient postage thereon to carry the same to its destination:

The ERx Group, LLC
Attn: Edith Devrnja, Owner
9724 Kingston Pike
Suite 1300
Knoxville, TN 37922

This, the 11th day of June, 2015.

HODGES, DOUGHTY & CARSON, PLLC


By: *s/Joshua J. Bond*