UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MEDICUS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CV-205-CCS |
| | ) | |
| THE ERx GROUP, LLC, A TENNESSEE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the consent of the parties [Doc. 26].

Now before the Court is Plaintiff Medicus Insurance Company's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) [Doc. 16]. The parties appeared before the Court on June 14, 2016, for a motion hearing. Attorneys Deborah Minkoff and Joshua Bond were present on behalf of the Plaintiff, and Attorney W. Tyler Chastain was present on behalf of the Defendant. The Court has considered the parties' briefing and the oral arguments presented at the June 14 hearing. For the reasons more fully stated below, the Plaintiff's Motion will be **GRANTED**.

I.  BACKGROUND

This case is an insurance coverage case and whether Medicus Insurance Company ("Medicus") must defend and/or indemnify The ERx Group, LLC ("ERx") with respect to twenty-seven lawsuits ("Underlying Lawsuits") that are pending in state court in West Virginia. The Underlying Lawsuits allege that Dr. Pellegrini engaged in sexual misconduct with each

plaintiff and that ERx negligently hired, supervised, investigated and/or placed Dr. Pellegrini at The Hope Clinic. [Docs. 16-4, 16-5, 16-6]. Medicus filed a declaratory judgment with this Court seeking to determine whether it must defend or indemnity ERx with respect to the Underlying Lawsuits.

By way of background, Medicus issued three Physicians and Surgeons Liability polices to ERx ("Policies"). [Doc. 16-1]. The Policies were in effect from April 1, 2012, to April 15, 2015. [Doc. 16-1.]. The Policies provided that Medicus "will pay all sums for **claims** for which the **insured** as an Entity, Professional Corporation, Association, Partnership, or Limited Liability Partnership becomes legally obligated to pay as **damages** because of **medical incidents** arising from **professional services** rendered or which should have been rendered by its employees or **additional insureds**." [Doc. 16-1 at 11] (Emphasis in original). A "medical incident" is defined as "an event due to professional services, acts or omissions arising out of treatment to a patient which could or did result in bodily injury, sickness, disease, disability, or death to any person for which damages may reasonably be expected or should have known to be sought against the insured." [Doc. 16-1 at 15]. The Policies define "professional services" as follows:

> 1) the rendering of or failure to render diagnosis, medical or surgical treatment or opinion necessary to the practice of the insured's specialty as stated on the Declarations Page or by endorsement; or 2) any Peer Review Activities on behalf of the insured listed on the Declarations Page. However, such professional services shall not be deemed to include any act or omission which the insured knows, or reasonably should have known, may result in damages or a claim or suit.

[Doc. 16-1 at 16]. Endorsement 6 identifies the specialty for ERx as "Emergency Medicine-No Major Surgery." [Doc. 16-1 at 51]. The remaining Endorsements identify ERx's specialty as "Emergency Medicine." [Doc. 16-1 at 180, 190]. The Endorsements identify Dr. Pellegrini's specialty as "Emergency Medicine" and label him as an insured contracted physician at Wetzel

2

Hospital. [Doc. 16-1 at 77, 88, 95, 100, 200, 206, 213, 219, 223, 229, 236, 241, 249, 255, 260, 266, 323, 329, 337, 343, 347, 353, 358, 364].

The Policies also include a provision regarding liability related to conduct as an owner. Specifically, the Policies provide:

> Unless otherwise indicated on the Declarations Page or by an endorsement to the policy, the Company will not provide coverage for liability, defend, or indemnify any insured or any employee acting within the course and scope of employment for the following:
>
> 2. Liability of any insured related to conduct as an owner, administrator, officer, director, medical director, attending physician, stockholder, board member, member superintendent or trustee of any health maintenance organization, ambulatory surgical center, free standing clinic, hospital, sanitarium, clinic with bed and board facilities, nursing home, laboratory or any other business enterprise, or committees thereof.

[Doc. 16-1 at 23].

Finally, the Policies state that they do not provide indemnification against claims arising from certain sexual conduct as follows:

> **EXCLUSIONS-DEFENSE ONLY NO INDEMNIFICATION**
>
> Unless otherwise indicated on the Declarations Page or on any endorsements to the insured's policy, the Company will defend <u>but not indemnify</u> you against any claim or suit that includes 1 or 2 below but only if that claim or suit includes allegations of professional liability otherwise covered this policy:
>
> 2. Any claim resulting from sexual intimacy, sexual molestation, sexual harassment, sexual exploitation or sexual assault.

[Doc. 16-1 at 26-27].

## II.     POSITIONS OF THE PARTIES

Medicus asserts that it does not have a duty to defend or indemnify ERx because the Underlying Lawsuits do not allege liability because of "emergency medicine" as set forth in the Policies. Medicus argues that all of the Underlying Lawsuits allege that Dr. Pellegrini sexually assault, molested, and/or harassed the underlying claimants while they were patients at the The Hope Clinic. Medicus submits that none of the Underlying Lawsuits allege that Dr. Pellegrini was providing emergency services when the alleged sexual assaults occurred. In addition, Medicus argues that it does not have a duty to indemnify ERx for liability resulting from sexual misconduct. Medicus explains that the policies are subject to a "Defense Only No Indemnification" exclusion that negates coverage for any claim against the insured, whether direct or vicarious, resulting from sexual misconduct. Finally, Medicus asserts that the Policies exclude coverage for ERx's conduct as a business owner.

ERx responds [Doc. 22] that the Court should deny Medicus's Motion.[1] ERx asserts that at the present time it cannot respond to the allegations in the Underlying Lawsuit. In addition, ERx argues that the pleadings raise significant issues specifically as it pertains to its Affirmative Defenses in ¶¶ 61 and 62 of the Answer. In ¶ 61, ERx asserts "that the Underlying Lawsuits cannot be accepted as true as to the facts, the validity of such claims, whether the plaintiffs therein were patients of Hope Clinic, and whether there have been amendments to the allegations since instituted." [Doc. 22 at 3]. In ¶ 62 of the Answer, ERx asserts "that the Underlying Lawsuits further make allegations of alleged deficient hiring, training, supervision, which would be, if alleged conduct independent of the type of claims asserted against Dr. Pellegrini, which

---

[1] In its Response, ERx also requested for a stay pending the determination of Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). Later, ERx filed a Notice [Doc. 29] that it was withdrawing its Motion to Transfer Venue. Thus, its request to stay the case is moot, and the Court will not summarize ERx's position on staying the case.

4

said claims as to the Defendant are in the nature of negligence claims that would be insured by the policies." [Doc. 22 at 3]. Thus, ERx argues that Medicus's Motion is not proper at this point.

Medicus filed a Reply [Doc. 23] arguing that its obligations are to be determined by comparing the policies to the Underlying Lawsuits, even if proven true. Medicus asserts that because the facts alleged in ERx's Affirmative Defense ¶ 61 relate to the underlying alleged liability and not to coverage issues, it does not prevent the Court from ruling on Medicus's Motion. In addition, Medicus asserts that ¶ 62 relates to whether allegations of negligent hiring can be covered under the policies, which sidesteps the threshold issue of whether the underlying plaintiffs sought or received emergency medicine services. Medicus argues that The Hope Clinic, a pain management clinic, is not an insured under the Policies at issue.

### III. STANDARD OF REVIEW

The standard for ruling on a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Sensations Inc. v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008). For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. Sun Life Assur. Co. of Canada v. Conestoga Trust Services, LLC, No. 3:14-cv-539, 2015 WL 5714542, at *2 (E.D. Tenn. Sept. 29, 2015) (citing J.P. Morgan Chase Bank v. Winget, 510 F.3d 577, 581 (6th Cir. 2007)). "Thus, the court will grant the plaintiff's motion if (1) the admissions in the defendants' Answer entitle the plaintiff to judgment as a matter of law, and (2) the defendants' affirmative defenses do not require factual development." Founders Ins. Co. v. Bentley Entertainment, LLC, No. 3:12-cv-01315, 2013 WL 3776311, at *8 (M.D. Tenn. July 18, 2013) (quoting Crossville, Inc. v. Kemper Design Center, Inc., No. 2:09-0120, 2010 WL 2650731, at *2 (M.D. Tenn. July 2, 2010)).

5

## IV. ANALYSIS

The Court has considered the parties' filings and the oral arguments presented at the hearing. For the reasons more fully explained below, the Court finds that Medicus's Motion for Judgment on the Pleadings will be granted.

An insurance policy is subject to the same basic rules of construction and enforcement as are used for contracts in general. Trinity Universal Co. v. Turner Funeral Home, No 1:02-cv-231, 2003 WL 23218046, at *4 (E.D. Tenn. Dec. 12, 2003) (other citations omitted). The insurance policy will be interpreted as written, with the ordinary and natural meaning accorded to its terms. Id. Ambiguous terms will be construed against the insurer and in favor of the insured. Id.

With respect to the duty to defend, an insurer must defend its insured in an action unless it is plain from the face of the complaint that the allegations fail to state facts that bring the case within or potentially within the policy's coverage. Id. "It is accepted in the overwhelming majority of jurisdictions that the obligations of a liability insurance company to defend an action brought against the insured by a third party is to be determined solely by the allegations contained in the complaint in that action." St. Paul Fire and Marine Ins. Co. v. Torpoco, 879 S.W.2d 831, 835 (Tenn. 1994).

With respect to the duty to indemnify, this question depends on the facts that are proven at trial, "unless the allegations in the complaint could under no circumstances lead to a result which would trigger the duty to indemnify." Policeman's Ben. Ass'n of Nashville v. Nautilus Ins. Co., No. M2001-00611-COA-R3-CV, 2002 WL 126311, at *8 (Tenn. Ct. App. 2002) (quoting Northland Casualty Co. v. HBE Corp., 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001)).

In the instant matter, the Court finds that judgment should be entered in favor of Medicus. First, the Policies cover medical incidents arising from professional services.

6

"Professional services" are defined in the Policies as "the rendering of or failure to render diagnosis, medical or surgical treatment or opinion necessary to practice of the insured's specialty." [Doc. 16-1 at 16]. The Policies identify ERx and Dr. Pellegrini's specialty as "Emergency Medicine." The Underlying Lawsuits allege damages resulting from Dr. Pellegrini's sexual misconduct at the The Hope Clinic. ERx conceded at the hearing that the definition of "professional services" does not include sexual misconduct. Furthermore, it is undisputed that The Hope Clinic does not provide emergency services and that Dr. Pellegrini was not providing emergency services while working at The Hope Clinic. Moreover, The Hope Clinic is not an insured under the Policies.

Furthermore, even if the Underlying Lawsuits alleged misconduct with respect to Emergency Services, the Policies at issue state that Medicus has no duty to indemnify against claims resulting from sexual intimacy, sexual molestation, sexual harassment, sexual exploitation or sexual assault. In addition, the Policies also contain an exclusion that negates coverage for liability relating to ERx's conduct as a business owner. The exclusion states that the insurer "will not provide coverage for liability, defend or indemnify any insured or any employee acting within the course and scope of employment" for the "liability as an insured related to conduct as an owner, . . . of any . . free standing clinic, . . . or any other business enterprise, or committees thereof." Therefore, while the Underlying Lawsuits allege that ERx negligently hired, retained, or investigated, supervised and/or placed Dr. Pellegrini at The Hope Clinic, Medicus has no duty to defend or indemnify with respect to these allegations.

ERx argues that the Motion is not proper at this point, emphasizing its Affirmative Defenses in ¶¶ 61 and 62 of its Answer. Specifically, ERx asserts that the Underlying Lawsuits cannot be accepted as true. However, "the obligation of a liability insurance company to defend

7

an action brought against the insured by a third party is to be determined solely by the allegations contained in the complaint in that action." Torpoco, 879 S.W.2d at 835. Moreover, the Policies provide that Medicus will not indemnify with respect to allegations of sexual misconduct. In addition, ERx argues the Underlying Lawsuits also allege negligent hiring with respect to ERx. The Court agrees with Medicus that this argument misses the point because the Underlying Lawsuits do not allege that the claimants sought or received Emergency Medicine services, which is what the Policies specifically cover. The parties agree that The Hope Clinic did not offer "Emergency Services" and Dr. Pellegrini was not engaging in "Emergency Services" while at The Hope Clinic. Accordingly, the Court finds Medicus's position well-taken.

## V.     CONCLUSION

For the foregoing reasons, the Court will **GRANT** Medicus Insurance Company's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) [**Doc. 16**]. Judgment will be entered in favor of Medicus Insurance Company.

ORDER ACCORDINGLY,

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge